FILED 11 SEP 7 17:29 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARVIN B. JONES,                                              CV. 09-1055-PA

        Petitioner,

   v.                                                          OPINION AND ORDER

MARK NOOTH,

        Respondent.


THOMAS J. HESTER
Office of the Federal Public Defender
101 SW main Street, Suite 1700
Portland, OR  97204

    Attorney for Petitioner

JOHN KROGER
Attorney General
JACQUELINE KAMINS
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent


1 - OPINION AND ORDER

Panner, Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the legality of his 2003 state court convictions and sentencing, alleging ineffective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is DENIED.

## BACKGROUND

In March 2003, Petitioner was indicted on 5 counts of Sodomy in the First Degree (Counts 1-5), one count of Sexual Abuse in the First Degree (Count 6), and one count of Unlawful Sexual Penetration in the First Degree (Count 7) for acts alleged by his ex-girlfriend's son and daughter. (Respt.'s Ex. 102; #44, at 2.) Petitioner was appointed counsel, but he requested a new attorney because he did not want to take the plea bargain counsel was encouraging him to take, which included a seven year term of imprisonment. (Respt.'s Ex. 126 at 14; Ex. 125 at 62.) Petitioner's second appointed attorney also presented a plea bargain, but the state increased the term of imprisonment to ten years, and Petitioner again refused and insisted on going to trial. (Respt.'s Ex. 124 at 11; Ex. 126 at 14.)

Following a bench trial at which Petitioner, his ex-girlfriend, and her children testified, Petitioner was found guilty on three counts of Sodomy in the First Degree (Counts 1, 2, 4), and one count of Sexual Abuse in the First Degree (Count 6). (Respt.'s

2 - OPINION AND ORDER

Ex. 101.) He was found not guilty on counts 3, 5, and 7. (Respt.'s Ex. 115.) Petitioner was sentenced to two consecutive 100-month terms of imprisonment under Measure 11 on Counts 1 and 4; a concurrent 100-month term on Count 2, and a concurrent 75-month term on Count 6. (Respt.'s Ex. 101, Amended Judgment dated 7/29/2004.)

Petitioner filed a direct appeal, arguing the court imposed a durational departure sentence in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). (Respt.'s Ex. 102 at 3.) The Oregon Court of Appeals affirmed Petitioner's sentencing, and the Oregon Supreme Court denied review. (Respt.'s Ex. 107, 106.)

Petitioner filed a *pro se* petition for post-conviction relief ("PCR") raising approximately 42 claims, alleging ineffective assistance of trial and appellate counsel and challenging the adequacy of the courts. (Respt.'s Ex. 118.) Petitioner was appointed counsel, but sought new counsel within a few months. The PCR court denied counsel's motion to withdraw, encouraging Petitioner to work with his attorney or be prepared to proceed *pro se*. (Respt.'s Ex. 126, at 7.) After Petitioner filed a complaint against PCR counsel with the Oregon State Bar, counsel was allowed to withdraw and Petitioner proceeded *pro se*. (Respt.'s Ex. 124, at 52.) Following the PCR trial, the PCR court denied review and in a general judgment specified: "Trial attorney investigated and argued the case. Court believed State's case. Nothing else he

3 - OPINION AND ORDER

could have done. Terrible facts for petitioner." (Respt.'s Ex. 127.)

Petitioner appealed the PCR court decision, with PCR appellate counsel filing a *Balfour* Brief supplemented by Petitioner's Part B, which raised six assignments of error.[1] (Respt.'s Ex. 129.) The Oregon Court of Appeals affirmed the PCR court decision without opinion, and the Oregon Supreme Court denied review. (Respt.'s Exs. 132, 131.)

Petitioner filed the instant federal habeas petition raising five grounds for relief, with numerous sub-claims.[2] In his supporting memorandum, Petitioner argues the following five claims:

> A. Trial counsel was ineffective in his handling of the motion to suppress because he failed to recognize that [Petitioner's] initial statements were the fruit of a warrantless arrest in his home.
>
> B. Trial counsel was ineffective in failing to impeach [Petitioner's] accusers with their own inconsistent accounts and in failing to argue those

---

[1] Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

[2] The Court notes Petitioner numbered the grounds for relief in his petition as Ground One, Two, Three, Five, and Six. (#1, Pet. at 4-14.) In his Memorandum Petitioner argues five claims designated as A, B, C, D, and E. For clarity, the Court adopts the designation A-E in discussing the merits of Petitioner's claims.

4 - OPINION AND ORDER

>   inconsistencies, as well as the inconsistencies between the accuser's accounts, to the fact finder.
>
> C.  Trial counsel was deficient in failing to obtain the prosecutor's grand jury notes even though the indicted charges were materially inconsistent with the children's accounts to the authorities and CARES and, ultimately, their own testimony.
>
> D.  Trial counsel failed to effectively advocate for [Petitioner] at sentencing and he received a sentence double that recommended by the probation office.
>
> E.  Trial counsel was ineffective in failing to exclude, and then failing to object to Dr. Lorenz's medically certain diagnosis that each of the children were sexually abused by [Petitioner].

Brief, at 29-37.) Respondent contends Petitioner has not met his burden of showing he is entitled to relief on the claims he does not argue in the supporting memorandum. (#44, at 4.) Respondent further argues that claims A, C, D, and E are procedurally defaulted, and in any event claims A, B, C, D, and E fail on the merits. (*Id.* at 5-19.) Upon review of the record, the Court agrees.

## DISCUSSION

### I.  Exhaustion and Procedural Default

Generally, before a federal court may consider granting habeas corpus relief, a state prisoner must have exhausted all available state court remedies either on direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the

5 - OPINION AND ORDER

appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 2975 (2005). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. § 138.650 (2005); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003).

A federal claim is "fairly presented" to the state courts if it was presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). For post-conviction relief, claims must be raised in the petition or amended petition or they are considered waived. *See Bowen v. Johnson*, 166 Or. App. 89, 93 (2000). Under limited circumstances, the Oregon Supreme Court has considered federal claims fairly presented when the petitioner specifically cross-referenced claims in the assignment of error and attached a lower court brief arguing the federal claims. *Farmer v. Baldwin*, 346 Or. 67, 79-81, 205 P.3d 871 (2009).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S.

6 - OPINION AND ORDER

722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman,* 501 U.S. at 750.

<u>Unargued and Procedurally Defaulted Claims</u>

A petitioner seeking federal habeas relief bears the burden of showing the court he is entitled to relief. *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002); *Davis v. Woodford,* 384 F.3d 628, 638 (9th Cir. 2004), *cert. denied* 545 U.S. 1165 (2005). Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." The Court has reviewed the record and finds Petitioner has not met his burden of showing he is entitled to relief on the claims that are not argued in his memorandum. Furthermore, the Court's review of the state proceedings confirms that claims A, C, D, and E that are argued in the memorandum are procedurally defaulted.

In his PCR appeal to the Oregon Court of Appeals, Petitioner raised six assignments of error in Part B of the *Balfour* Brief which can be characterized as follows: (1) the PCR court erred in denying his request for new counsel and for an extension of time;

7 - OPINION AND ORDER

(2) the PCR court erred in finding trial counsel investigated his case and provided effective representation; (3) the PCR court erred in finding trial counsel provided effective representation because trial counsel did not challenge the fact Petitioner's indictment was possibly defective; (4) the PCR court erred in finding trial counsel provided effective representation because counsel failed to investigate issues Petitioner raised relating to the detective's report and because counsel didn't properly challenge the child-witnesses regarding conflicting testimony; (5) the PCR court erred in not granting an extension of time for Petitioner to file his supporting memorandum; (6) the PCR hearing was unfair because he was *pro se* and was grieving the recent death of his step-brother. (Respt.'s Ex. 129 at 1-6.) These six claims are distinct from the claims Petitioner argues in his Memorandum to this Court, with the exception of Claim 4 which included the allegations presented here as Claim B. Therefore, Claims A, C, D, and E were not exhausted in state court, and because the time for doing so has passed, *see* Or. Rev. Stat. §138.650(1), the claims are procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1. Petitioner makes no attempt to excuse his default. Accordingly, federal habeas review of Claims A, C, D, and E is precluded. *Edwards*, 529 U.S. at 451.

II. The Merits

    A.   Standards of Review

Following passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas

8 - OPINION AND ORDER

corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, ___ U.S. ___; 131 S.Ct. 1388, 1398-1402 (April 4, 2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005). An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974 (citing *Williams*). "The state court's application of . . . law must be *objectively unreasonable*." *Williams*, 529 U.S. at 411 (emphasis added). "[A] federal habeas

9 - OPINION AND ORDER

court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford*, 537 U.S. at 24-25 (2002)(internal citations omitted). "[A] habeas court must determine what arguments or theories ... could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Pinholster*, 131 S.Ct. at 1402 (citing *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002). In this proceeding, the Court reviewed the state PCR trial court decision.

In reviewing a state court decision, "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v.*

10 - OPINION AND ORDER

*Maddox*, 366 F. 3d 992, 999 (9th Cir. 2004). This is a standard that will be met in few cases. *Id.* at 1000. When unchallenged, State court determinations of factual issues "shall be presumed to be correct." 28 U.S.C. §2254(e)(1); *Miller-el v. Cockrell*, 537 U.S. 322, 340 (2003). A Petitioner may rebut the presumption of correctness with clear and convincing evidence. *Id.*

The clearly established federal law governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Pinholster*, 131 S.Ct. at 1403. Under *Strickland*, a petitioner must prove: 1) that counsel's performance fell below an objective standard of reasonableness and, 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. "Judicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, and "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional

11 - OPINION AND ORDER

judgment." *Pinholster*, 131 S.Ct. at 1407 (quoting *Strickland*) (internal quotation marks omitted.) The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690. In addition, a doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference under § 2254 and deference under *Strickland*).

B. <u>Analysis</u>

In Claim B, Petitioner alleges trial counsel was ineffective in failing to impeach his accusers with their inconsistent accounts and in failing to argue the inconsistencies to the fact finder. (#36, at 30.) Petitioner concedes the issue of the "children lying in order to get out of trouble in other circumstances" was raised and discussed with witnesses before the trier of facts, but argues counsel should have done more. (*Id.*, at 32-33.) For habeas relief under § 2254, Petitioner must demonstrate that the state PCR court's adjudication of his claim was contrary to, or an unreasonable application of *Strickland*, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. A review of the record

leads the Court to conclude Petitioner has not met this burden and, accordingly, habeas relief must be denied.

In the PCR proceeding, Petitioner testified and argued that he was entitled to relief because the children were highly sexualized and he reported their inappropriate behavior to their mother; he was innocent of the acts alleged and wanted to prove his innocence; and in any event he should not have received as lengthy a sentence as was imposed. (Respt.'s Ex. 124-126.) In addition to Petitioner's testimony, the PCR court had for its consideration the presentence investigation report (PSI), which included the full text of a handwritten letter to the children's mother in which Petitioner admitted to and apologized for inappropriate acts with the children. (Respt.'s Ex. 123 at 6.) The PCR record also included, in relevant part: (a) Petitioner's PCR deposition, in which Petitioner acknowledged the facts of his case were terrible and that his trial counsel tried to convince him to take a plea bargain, but that he refused, (Respt.'s Exs. 125 at 62; 126 at 14, 28); (b) reports from CARES detailing exams and interviews of the children and interviews of their mother and grandmother who identified lying as an existing problem for each child, (Respt.'s Exs. 120, 122); and (c) the bench trial transcript. At the conclusion of the PCR trial, the PCR court denied Petitioner relief, stating on the record:

> I've read what's in the files, I've looked at what [trial counsel] had to work with and you know, I'm a trial lawyer, this is what I did for a long time, and a trial

13 - OPINION AND ORDER

> Judge and I can imagine - I can see why your lawyers though this was a bad case to go to trial on. The facts for you are terrible.
>
> \*\*\*\*\*
>
> Based on police testimony, based on the physical evidence, based on what the children said, these facts are terrible.
>
> \*\*\*\*\*
>
> I don't think there was anything else [trial counsel] could have done. I don't think he did anything wrong. A lot of things you wanted him to raise no Judge would have ever allowed in evidence. Ana a lot of the other ones are things that aren't very helpful when what you do, basically, is go after a couple of young kids. I think [trial counsel] probably told you that was a bad strategy and I think he was right.
>
> \*\*\*\*\*
>
> [H]e did not do anything wrong here. And if the Judge believed the state's witnesses, which the Judge clearly did, I don't think there's anything [trial counsel] could have done to change that based on what the evidence was.
>
> \*\*\*\*\*
>
> Once you're convicted of those charges the Judge had to give you a Measure 11 sentence; there's no choice. Measure 11 is a mandatory sentence. So once you're convicted of those charges there's no choice about a sentence. The court has to give a Measure 11 sentence. There's no way around it.
>
> \*\*\*\*\*
>
> Under this set of facts I bet both lawyers told you you were going to lose. And I think that's exactly what they needed to tell you because it was their best estimate of what this case was like for trial. And I think they both gave you their honest opinion. But I don't think [trial counsel] had anything to do.
>
> \*\*\*\*\*

14 - OPINION AND ORDER

>       [s]o I do not find anything wrong with [trial counsel's]
>       representation.  He was simply not able to overcome the
>       facts that were presented.  But I don't think that's
>       because he did a bad job.  So I'm denying - I'm denying
>       your petition for post-conviction relief.
>       I understand you don't like the way it turned out; I
>       don't blame you, but I don't think it's [trial counsel's]
>       fault.

(Respt.'s Ex. 126 at 37-39.)  The PCR court's findings are presumed to be correct absent Petitioner presenting clear and convincing evidence to the contrary.  § 2254(e)(1).  Petitioner has not met this burden, and the record upon which the PCR court adjudicated Petitioner's claims supports the PCR court's findings.[3]

In order to prevail on his claims, Petitioner had to show the PCR court that counsel's representation fell below objective standards of reasonableness, and that the outcome of the proceeding would have been different but for counsel's deficient representation.  In its general judgment, the PCR court specified: "Trial attorney investigated and argued the case.  Court believed State's case.  Nothing else he could have done.  Terrible facts for petitioner."  (Respt.'s Ex. 127.)  Petitioner did not meet his burden under *Strickland*, and the PCR court decision to deny relief was neither contrary to nor an unreasonable application of *Strickland*.  Habeas relief is, therefore, precluded.

---

[3]The Court notes that because Petitioner was *pro se*, the PCR trial court was very accommodating as Petitioner argued all his claims, and the court took care to explain legal principles with which Petitioner was not familiar or which he had difficulty grasping.  (Respt.'s Ex. 126 at 10-39.)

15 - OPINION AND ORDER

**CONCLUSION**

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___7___ day of September, 2011.

*[signature]*
Owen M. Panner
United States District Judge

16 - OPINION AND ORDER